## ZAPF v. ANDERSON, et ux.
### No. 7172-E.
Circuit Court, St. Lucie County.

September 14, 1962.

867.

Philip G. Nourse, Fort Pierce, for plaintiff.

Richard V. Neill of Fee, Parker & Neill, Fort Pierce, for defendants.

WALLACE SAMPLE, Circuit Judge.

This is a proceeding under provisions of section 194.54, Florida Statutes. Pursuant to the petition a rule issued. The respondents filed their motion to discharge the rule, and ruling was reserved by the court with direction to the respondents to file their answer and such other pleadings as might be appropriate. Thereafter, the respondents filed their answer, counter-claim, motion to dismiss, motion to strike and motion for summary final decree. Oral argument was made and counsel have filed briefs.

The respondents contend the tax deeds in question are invalid for, among other reasons, (1) lack of proper execution and (2) failure of notice.

Two purported tax deeds were issued to the petitioner by the city of Fort Pierce; one dated November 28, 1961 and the other December 29, 1961; the first being signed in the name of the city by the mayor commissioner, and the clerk; the second being signed in the name of the city by the mayor commissioner and the director of finance.

Sections 194.43 and 194.44 of the Florida Statutes require that the clerk of the circuit court make all deeds for all lands sold for non-payment of taxes by any city or town, and in substantially the same form as provided in the sale of lands for county or state taxes, and such deeds must be issued in the name of the city, signed by the clerk of the circuit court, witnessed by two witnesses, and the seal of the circuit court attached, and the instrument acknowledged or proved as other deeds.

Section 14 (35) of the charter of the city of Fort Pierce (chapter 57-1331 Acts of 1957) makes all general laws of the state which are applicable to municipal corporations and which are not in conflict with the provisions of the charter, applicable to the city of Fort Pierce.

The respondents caused the deposition of one R. C. James, an employee of the city, to be taken and it appears from his testimony there was a failure of notice. It therefore follows both tax deeds are void. (See McLeod v. Williams 74 So. 408, and related cases). It is thereupon ordered and decreed —

(1)    Respondents having shown due cause for the dissolving of the rule to show cause, the same is hereby dissolved and discharged;

(2)    Respondents' motion for summary judgment is hereby granted, only to the extent that said purported tax deeds, and each of them, are hereby declared to be null and void, and the clerk of this court is hereby authorized and directed to cancel the same of record;

(3)    Section 194.54, Florida Statutes, providing that these proceedings shall proceed as in chancery, the court hereby retains jurisdiction of the subject matter and parties hereto for the entering of such other orders and decrees as may be meet and proper and equity require for the protection and preservation of the rights of the parties hereto.